# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Audra Kurek,                                             Case No. 3:16CV623

        Plaintiff

       v.                                                **ORDER**

Ohio Department of
 Developmental Disabilities, et al.,

        Defendants

       This civil-rights case under 42 U.S.C. § 1983 is back before me on a motion by the plaintiff, Audra Kurek, for reconsideration or, in the alternative, leave to file a second amended complaint. (Doc. 33).

       Kurek alleged that the State Defendants – the Northwest Ohio Developmental Center (the Center), the Ohio Department of Developmental Disabilities, and several Center employees – deprived her of substantive and procedural due process when they terminated her employment. She also brought various state and federal claims against the Union that represented her.

       The State Defendants moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6), and I granted the motion. *Kurek v. Ohio Dep't of Dev. Disabilities*, 2017 WL 1555930 (N.D. Ohio). I also ordered Kurek to show cause why I should not dismiss her claims against the Union. *Id.* at *7.

Rather than respond to the show-cause order, Kurek filed the pending motion for reconsideration and/or leave to reinstate her procedural-due-process claim against three Center employees: defendants Suehrstedt, Jones, and Woodward.

Kurek notes that, while I agreed that she "state[d] a *prima facie* case of procedural due process violations," *Kurek*, *supra*, 2017 WL 1555930, *6, I concluded that the complaint was deficient because it did not specify which defendants were responsible for the violations. She now argues that her earlier complaint adequately parceled out responsibility for the violations among Suehrstedt, Jones, and Woodward, and that, even if it had not, the proposed second amended complaint does so.

The State Defendants oppose the motion, arguing principally that Kurek received "all the pre-deprivation due process rights she was entitled to according to a collective bargaining agreement and *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)." (Doc. 35 at 3). They also renew their contention that Kurek has not alleged, let alone plausibly so, that "any state actor deprived her of post-deprivation due process rights." (*Id.* at 4).

For the following reasons, I deny Kurek's motion.

## Discussion

### A. Kurek Has Not Stated a Plausible Procedural Due Process Claim Against Suehrstedt, Jones, and Woodward

According to the proposed amended complaint, Kurek "developed a reputation as a problem employee, and as such was subjected to discipline for a series of minor infractions, culminating in a 'Last Chance Agreement.'" (Doc. 33–1 at ¶17).

Soon thereafter, Suehrstedt, her supervisor, placed Kurek on administrative leave for eight days. (*Id.* at ¶19). Suehrstedt also ordered Kurek to call into work on each day of the leave period. (*Id.* at ¶20). Her failure to do so on one occasion precipitated her firing. (*Id.* at ¶¶21–22).

Kurek alleges that she received a pre-termination hearing (*id.* at ¶24), and that Carrie Coffee, her Union Steward, argued that the "call-in" requirement violated an applicable collective bargaining agreement and thus could not support Kurek's firing. (*Id.* at ¶¶26–27). Nevertheless, the hearing officer – defendant Jones – recommended firing Kurek, and Suehrstedt, who knew that "the terms of [Kurek's] leave order were illegal, and that as such the termination was a violation of due process," fired Kurek. (*Id.* at ¶¶28–29).

Thereafter, Kurek, through the Union and Coffee, grieved her termination. (*Id.* at ¶30).

### 1. Notice and an Opportunity to Be Heard

The crux of Kurek's procedural-due-process claim is that the defendants fired her for an illegal reason, but whether the defendants were in fact justified in firing Kurek is beside the point.

"The opportunity to present reasons, either in person or in wiring, why proposed action should not be taken is a fundamental due process requirement." *Loudermill*, *supra*, 470 U.S. at 546.

When, as in this case, the plaintiff has "a protected property interest, a predeprivation hearing of some sort is generally required to satisfy the dictates of due process." *Leary v. Daeschner*, 228 F.3d 729, 742 (6th Cir. 2000). Such a hearing "need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, *supra*, 470 U.S. at 545–46.

Kurek's own allegations make clear that she received all the process to which she was entitled: pre-hearing notice that she had violated a condition of her administrative leave (Doc. 33 at ¶21) and an opportunity at the pre-termination hearing to argue that the violation could not support her discharge (*id.* at ¶¶25–28).[1] Accordingly, Kurek's proposed amended complaint does not state a plausible procedural-due-process claim, and it would therefore be futile to allow her to file an amended complaint.[2]

### 2. Responsibility of the Individual Defendants

Moreover, Kurek does not allege that any of the State Defendants participated in the alleged post-deprivation due-process violation.

Rather, Kurek pins that violation on Coffee, the Union Steward who supposedly failed to grieve the termination with suitable vigor. (Doc. 33–1 at ¶¶30, 42–44). The proposed amended complaint therefore fails, like its predecessor, to state a plausible due-process claims *vis-a-vis* Suehrstedt, Jones, and Woodward for conduct post-dating Kurek's termination.

### B. Claims Against the Union

Kurek's failure to respond to my show-cause order is reason enough to dismiss the claims against the Union and Coffee with prejudice.

---

[1] Kurek's first amended complaint likewise acknowledged that she received notice that she had violated the terms of her leave (Doc. 14 at ¶28) and that she received and attended a pre-disciplinary hearing (*id.* at ¶13). For that reason, I will deny the motion for reconsideration.

[2] In my prior order, I accepted, too uncritically, Kurek's allegation that she was "denied fundamental due process rights pre- and post-termination" and concluded that Kurek "states a *prima facie* case of procedural due process violations." *Kurek*, *supra*, 2017 WL 1555930, *6. That part of my decision, I acknowledge, was erroneous. Because Kurek has not stated a plausible procedural-due-process claim – and because, given the allegations in her second amended complaint, she cannot do so – it would be unfair to Suehrstedt, Jones, and Woodward to adhere to that ruling and allow the case against them to proceed.

Moreover, unions are generally not state actors for purposes of § 1983 claims, *e.g.*, *Murray v. City of Columbus*, 2012 WL 445718, *10 (S.D. Ohio 2012), and Kurek's conclusory allegation that the Union colluded and conspired with the State Defendants to ensure her firing (Doc. 14 at ¶33) is insufficient to support an inference that the Union was a state actor here.

Accordingly, I will dismiss these claims with prejudice.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Kurek's motion for reconsideration or, in the alternative, leave to amend (Doc. 33) be, and the same hereby is, denied;

2. The Union's motion to dismiss (Doc. 34) be, and the same hereby is, granted with prejudice; and

3. Kurek's motion for an extension of Rule 26 disclosures (Doc. 31) be, and the same hereby is, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge